**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10433 |
| Plaintiff - Appellee, | D.C. No. 4:14-cr-01659-JGZ-LAB-1 |
| v. | |
| GUILLERMO EDUARDO ACEDO-ROMERO, AKA Guillermo Edwardo Acedo, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted May 12, 2016[**]
San Francisco, California

Before: NOONAN, WARDLAW, and PAEZ, Circuit Judges.

Defendant Guillermo Eduardo Acedo-Romero pleaded guilty to one count of

illegal entry in violation of 8 U.S.C. § 1326. He appeals his twenty-four month

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

sentence for that conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion by rejecting Acedo-Romero's plea agreement and imposing the twenty-four month sentence of incarceration recommended in the Presentence Investigation Report (PSR). *See In re Morgan*, 506 F.3d 705, 708 (9th Cir. 2007). Federal Rule of Criminal Procedure 11 allows the district court to reject the Rule 11 (c)(1)(C) plea agreement, which stipulated to a specific sentencing range of 57 to 71 months incarceration. Fed. R. Crim. P. 11(c)(3)(A); *United States v. Heredia*, 768 F.3d 1220, 1227 (9th Cir. 2014). Moreover, the agreement expressly provides that the court may reject it if "any provision is inappropriate." That is precisely what occurred here: Upon review of the PSR, the district court determined that the agreement's sentencing stipulation, which was predicated on a base offense level of 24, was not appropriate because the correct base offense level was 12. By rejecting the agreement, the district court properly declined to "remake [the] plea agreement or imply terms into [it]." *United States v. Hammond*, 742 F.3d 880, 883 (9th Cir. 2014). Because the district court rejected the plea agreement, the government could not have breached it.

**AFFIRMED.**

2